**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**


| | | |
|---|---|---|
| **Arthrex, Inc.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:15-CV-1047-RSP** |
| | § | |
| **Smith & Nephew, Inc., and** | § | **JURY TRIAL DEMANDED** |
| **ArthroCare Corp.,** | § | |
| | § | |
| *Defendants.* | § | |


| | | |
|---|---|---|
| **Arthrex, Inc.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:15-CV-1756-RSP** |
| | § | |
| **Smith & Nephew, Inc., and** | § | **JURY TRIAL DEMANDED** |
| **ArthroCare Corp.,** | § | |
| | § | |
| *Defendants.* | § | |


### BENCH MEMO FOR PROPOSED CLAIM CONSTRUCTION ON "PROXIMAL END"

## I.   **INTRODUCTION**

With regards to Claims 10 and 11 of U.S. Patent No. 8,821,541 B2, Professor Alexander

Slocum construed the "proximal end" of the Healicoil and SpeedScrew to be the end surface of

the suture anchor.   [Trial Tr. 1342:19-1343:12; Trial Tr. 1350: 5-17].  To illustrate this point to

the jury, he walked the jury through a video of the Healicoil in which he described the painted "red

thingies,"  shown  below,  as  the  "proximal  end."  [Trial  Tr.  1342:19-1343:12].



[See Defendant's Demonstrative, DDX-6.016, attached as Exhibit 1].  He likewise characterized

the end of the "nubs" of the Speedscrew to be the "proximal end."  [Trial Tr. 1350: 5-17]. Based

on this extremely narrow construction of "end" as a "surface," he concluded that neither the

Healicoil nor the SpeedScrew infringe because they do not have "a helical thread [that] defines a

perimeter at least around the proximal end [proximal surface] of the anchor body." [Trial Tr. 1341:19-1345:14; 1353:11-22].   However, such a construction of "end" as a "surface" is inconsistent with the specification and the claim language. Accordingly, Arthrex requests this Court instruct the jury on the proper construction for the term "proximal end" as a "proximal portion or part." [See Plaintiff's Proposed Jury Instruction on "Proximal End," attached as <u>Exhibit</u> 2].

## II.   <u>ANALYSIS</u>

A claim construction on the definition of "proximal end" is now necessary because Defendants' expert has created a dispute on the meaning of an "end." The Court must resolve this dispute pursuant to *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co*., 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."). Arthrex proposes that "proximal end" be construed consistent with the specification of the patent and the claim language as a "proximal part or portion" rather than a "surface" and that the jury be instructed on this construction.  [<u>Exhibit</u> 2].

### A.  The Specification Refers to "End" as a "Part," Not a "Surface."

The meaning of "end" throughout the patent is a part, not a surface. First, the patent makes reference to the "proximal end 92" and then refers to the "proximal surface" of the "proximal end." ['541 Patent, Col. 6, ll. 5-8, attached as <u>Exhibit</u> 3]. Additionally, the Abstract states "[t]he proximal end portion of the suture anchor body has a polygonally shaped opening to accept a polygonal drive head, preferably hexagonal or square." ['541 Patent, Abstract, <u>Ex</u>. 3]. A proximal part of an anchor, not a proximal end surface, accepts a drive head.

Moreover, the "end" and "part" are even used interchangeably throughout the patent.  ['541 Patent, Ex. 2, see col. 5 line 25 ("distal part 11"), col. 5 line 30 ("distal part 11"), and col. 5 line

37 ("distal end 11"), Ex. 3].  The definition of "part" is further supported by the specification's description that an eyelet shield 9 is at the distal end: "As illustrated in FIGS. 6-8, two strands of tie-down sutures 5, 7 are threaded around the eyelet shield 9 of the distal end 11 of the suture anchor 1 and threaded into a suture passage 94." ('541 patent, 5:37-39). This relationship is illustrated in reproduced Figure 7b below.



**FIG.7b**

As shown, the shield 9 is at the distal part (11) of the anchor, not at a distal end surface.

Further, the Patent Summary also refers to an "end" as a "part." It states "[t]he eyelet formed at the distal end is formed of a piece of suture or other material transversely insert-molded into the anchor so as to provide an eyelet shield." ('541 patent, 2:38-40). The described eyelet shield would be formed at a distal part of the anchor, not at a distal end surface.  As yet another example of "end" meaning "part," the specification states that "[t]he distal end 28 of the suture anchor body 24 tapers to a blunt tip." ('541 patent, 6:35-36). A distal part can taper, but a distal end surface cannot taper.  Although the above examples refer to the "distal end," terms should be given a consistent meaning throughout a patent. *Fin Control Sys. Pty v. Oam*, 265 F.3d 1311, 1318 (Fed. Cir. 2001). It follows then that "end" should also mean "part" when referring to the "proximal end."

3

## B. "PROXIMAL END" AS AN "END SURFACE" CONTRADICTS THE CLAIM LANGUAGE.

Finally, the Defendants' construction is improper because it contradicts the claim language. *ArcelorMittal France v. AK Steel Corp.*, 700 F.3d 1314, 1320 (Fed. Cir. 2012) ("The claims and specification should be read in a manner that renders the patent internally consistent.") (internal quotation marks and citations omitted). Requiring a helical thread defining a perimeter at least around the proximal end surface of the anchor body would make the claims internally inconsistent, because a helical thread is three dimensional and cannot be confined to an end surface defined by a perimeter.  In fact, since the preferred embodiments all show a helical thread, construing "proximal end" to be an "end surface" would exclude these embodiments because helical threads never define a perimeter around an end surface.  A construction that excludes the preferred embodiment is rarely, if ever, correct. *Dow Chem. Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364, 1378 (Fed. Cir. 2001).  Accordingly, Defendants' construction of "proximal end" as a surface conflicts with the language of Claim 10 and must be rejected.

## III.     CONCLUSION

Because Defendants' expert construction of "proximal end" conflicts with the specification and the claim language of Claim 10, this Court should instruct the jury on the proper claim construction of "proximal end" as a "proximal part or portion."


Dated: December 9, 2016                    Respectfully submitted,


 /s/ Anthony P. Cho

ANTHONY P. CHO
MICHIGAN STATE BAR NO. P46910
DAVID L. ATALLAH
MICHIGAN STATE BAR NO. P73403

4

**CARLSON, GASKEY & OLDS, PC**
400 West Maple, Suite 350
Birmingham, Michigan 48009
248.988.8360 (telephone)
248.988.8363 (facsimile)
acho@cgolaw.com
datallah@cgolaw.com

**ERIC M. ALBRITTON**
STATE BAR NO. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com
mab@emafirm.com
sal@emafirm.com

**EDWARD CHIN**
STATE BAR NO. 50511688
**ANDREW J. WRIGHT, OF COUNSEL**
STATE BAR NO. 24063927
**ALBRITTON LAW FIRM**
1330 North White Chapel Blvd. Suite 100
Southlake, Texas 76092
817.251.0610 (telephone)
903.758.7397 (facsimile)
akb@emafirm.com
ajw@emafirm.com

**RODGER D. YOUNG**
MICHIGAN STATE BAR NO. P22652
**JAYE QUADROZZI**
MICHIGAN STATE BAR NO. P71646
**YOUNG & ASSOCIATES**
27725 Stansbury Blvd. Suite 125
Farmington Hills, Michigan 48334
248.353.8620 (telephone)
248.479.7828 (facsimile)
young@youngpc.com
quadrozzi@youngpc.com

**ATTORNEYS FOR PLAINTIFF
ARTHREX, INC.**

5