# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHREX, INC., | § | |
| | § | |
| *Plaintiff,* | § | Case No. 2:15-CV-01047-RSP |
| | § | |
| v. | § | |
| | § | |
| SMITH & NEPHEW, INC., | § | |
| ARTHROCARE, CORP., | § | |
| | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| ARTHREX, INC., | § | |
| | § | |
| *Plaintiff,* | § | Case No. 2:15-CV-01756-RSP |
| | § | |
| v. | § | |
| | § | |
| SMITH & NEPHEW, INC., | § | |
| ARTHROCARE, CORP., | § | |
| | § | |
| *Defendants.* | § | |

## **VERDICT FORM**

In answering these questions, you are to follow all of the instructions I have given you. In this verdict form, "Smith & Nephew" refers to both Smith & Nephew, Inc. and ArthroCare Corp; "ArthroCare" means ArthroCare Corp; and "Arthrex" means Arthrex, Inc.

### ARTHREX'S ALLEGATIONS OF PATENT INFRINGEMENT AGAINST SMITH & NEPHEW:

I. **INFRINGEMENT**

1. Did Arthrex prove by a preponderance of the evidence that Smith & Nephew infringed the claims of the '541 patent or the '907 patent?

|  | Yes | No |
|---|---|---|
| Claim 10 of the '541 patent | ✓ |  |
| Claim 11 of the '541 patent | ✓ |  |
| Claim 4 of the '907 patent | ✓ |  |
| Claim 8 of the '907 patent | ✓ |  |
| Claim 16 of the '907 patent | ✓ |  |
| Claim 27 of the '907 patent | ✓ |  |

**Note: Answer Questions 2 and 3 only as to those claims you answered "Yes" to in Question 1.**

II. **VALIDITY**

2. Did Smith & Nephew prove by clear and convincing evidence that any of the following claims are invalid as anticipated by the prior art?

|  | Yes | No |
|---|---|---|
| Claim 11 of the '541 patent |  | ✓ |
| Claim 4 of the '907 patent |  | ✓ |
| Claim 8 of the '907 patent |  | ✓ |
| Claim 16 of the '907 patent |  | ✓ |
| Claim 27 of the '907 patent |  | ✓ |

3. Did Smith & Nephew prove by clear and convincing evidence that any of the following claims are invalid as obvious in view of the prior art?

|  | Yes | No |
|---|---|---|
| Claim 10 of the '541 patent |  | ✓ |
| Claim 11 of the '541 patent |  | ✓ |

**Note: Answer Questions 4 and 5 only if you found at least one claim listed in Question 1 infringed and not invalid.**

### III. DAMAGES

4. What sum of money, if paid now in cash, do you find that Arthrex has proved by a preponderance of the evidence is adequate to compensate Arthrex for Smith & Nephew's infringement of the '541 patent?

   **Answer in Dollars and Cents:**

   $ 12,250,000

5. What sum of money, if paid now in cash, do you find that Arthrex has proved by a preponderance of the evidence is adequate to compensate Arthrex for Smith & Nephew's infringement of the '907 patent?

   **Answer in Dollars and Cents:**

   $ 5,150,000

### IV. WILLFUL INFRINGEMENT

6. Did Arthrex prove by a preponderance of the evidence that Smith & Nephew willfully infringed the claims of the '541 patent?

   **Answer "Yes" or "No."**

   yes

7. Did Arthrex prove by a preponderance of the evidence that Smith & Nephew willfully infringed the claims of the '907 patent?

   **Answer "Yes" or "No."**

   yes

3

\* \* \*

## ARTHROCARE'S ALLEGATION OF PATENT INFRINGEMENT:

### I. INFRINGEMENT

8. Did ArthroCare prove by a preponderance of the evidence that Arthrex directly infringed claim 1 of the '690 patent?

    Answer "Yes" or "No."

    __NO___

**Note: Answer Questions 9 and 10 only if you found claim 1 of the '690 patent infringed.**

### II. DAMAGES

9. What sum of money, if paid now in cash, do you find that ArthroCare has proved by a preponderance of the evidence is adequate to compensate ArthroCare for Arthrex's patent infringement?

    **Answer in Dollars and Cents:**

    $ ___0___

### III. WILLFUL INFRINGEMENT

10. Did ArthroCare prove by a preponderance of the evidence that Arthrex willfully infringed claim 1 of the '690 patent?

    Answer "Yes" or "No."

    __NO___

4