IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHREX, INC., | § § § | |
| *Plaintiff*, | § § | Case No. 2:15-CV-01047-RSP |
| v. | § § | |
| SMITH & NEPHEW, INC., ARTHROCARE, CORP., | § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

This patent infringement action proceeded to jury trial on December 2, 2016. At the conclusion of the five-day trial, the jury rendered a verdict finding that Defendants Smith & Nephew, Inc. and ArthoCare Corp. willfully infringed claims 10 and 11 of United States Patent No. 8,821,541, and claims 4, 8, 16, and 27 of United States Patent No. 9,179,907, and that the asserted claims are not invalid. *See* Dkt. No. 299. The jury awarded Arthrex, Inc. $17,400,000.00 as a reasonable royalty. *Id.* Arthrex now moves for attorney fees under 35 U.S.C. § 285. Dkt. No. 317. For the reasons explained below, Arthrex's motion is **DENIED**.

## DISCUSSION

Section 285 provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is one that "stands out from other with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Assessing whether a case is exceptional is left to the Court's discretion, considering the "totality of the

1

circumstances." *Id.* Factors that the Court may consider include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. To be considered exceptional, conduct need not be "independently sanctionable" or bad faith behavior. *Id.* "[A] case presenting either subjective bad faith or exceptionally meritless claims" may justify an award of fees. *Id.* at 1757.

Arthrex does not suggest that Defendants engaged in bad faith litigation behavior. Rather, Arthrex first argues that the fact that the jury found willful infringement is by itself sufficient for a fees award. Dkt. No. 317 at 2-4. The Court disagrees.

The Federal Circuit cases supporting Arthrex's argument, such *Modine Mfg. Co. v. Allen Grp., Inc.*, 917 F.2d 538 (Fed. Cir. 1990), significantly predate the Supreme Court's decision in *Octane Fitness*. *See* Dkt. No. 317 at 2-3. *Modine*, for example, concluded that "[a]n express finding of willful infringement is a sufficient basis for classifying a case as 'exceptional,' and indeed, when a trial court denies attorney fees in spite of a finding of willful infringement, the court must explain why the case is not 'exceptional' within the meaning of the statute." 917 F.2d at 543. Since *Octane Fitness*, the Federal Circuit has acknowledged that a finding a willfulness does not necessarily make a case exceptional. *See Stryker Corp. v. Zimmer, Inc.*, 837 F.3d 1268, 1279 (Fed. Cir. 2016).

While Arthrex cites one decision from this district referring to the *Modine* standard as late as 2016, *see Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366, 2016 WL 3346084, at *21 (E.D. Tex. June 16, 2016), the Court did not rely upon it but made extensive findings concerning the defendant's "objectively unreasonable" positions which "needlessly multiplied the proceedings at the expense of the opposing side and the Court." *Modine* is also

arguably inconsistent with *Octane Fitness* to the extent that it does not permit a court to consider the "totality of the circumstances" and instead allows focus solely on one element of a jury finding, a finding that incidentally is not even mentioned as a relevant factor by *Octane Fitness*. *See* 134 S. Ct. at 1756 n.6 (not including willful infringement in the non-exclusive list of factors to consider). Even *Modine*, however, recognizes that if a finding of willfulness makes a case exceptional, an award of attorney fees is within the discretion of the Court but is not required. *Modine*, 917 F.2d at 543.

Arthrex's second ground for attorney fees is the substantive weaknesses in Defendants' litigating positions. Dkt. No. 317 at 4-6. The Court does not agree. Having carefully listened to the testimony during the five-day trial in this case, it cannot be said that Defendants' litigating positions were uniformly weak or without merit.

## CONCLUSION

Considering the totality of the circumstances, the Court finds that this case is not exceptional and does not otherwise warrant an award of attorney fees under § 285. Accordingly, Arthrex's motion (Dkt. No. 317) is **DENIED**.

**SIGNED this 25th day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE